SCOOT SCOTT v. STATE.

No. A-1838.  Opinion Filed November 8, 1913.

Appeal from County Court, Cherokee County;
J. T. Parks, Judge.

Scoot Scott was convicted of a violation of the prohibitory law, and appeals.  Affirmed.

George Paschal, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM.  The plaintiff in error was convicted in the county court of Cherokee county on an information which charged the unlawful sale of one quart of whisky.  On the 5th day of July, 1912, in accordance with the verdict of the jury, he was sentenced to serve a term of thirty days in the county jail, and pay a fine of fifty dollars.  The record has been carefully examined to ascertain whether the trial court committed reversible error on the trial of the case.  No such error has been found.  The verdict is well sustained by the evidence.  The judgment is therefore affirmed.  Mandate forthwith.

---

JENNIE FOSSETT v. STATE.

No. A-1833.  Opinion Filed November 15, 1913.

Appeal from County Court, Custer County;
Walter S. Mills, Special Judge.

Jennie Fossett was convicted of a violation of the prohibitory law, and appeals.  Affirmed.

Darnell & Darnell, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson and C. J. Davenport, Asst. Attys. Gen., for the State.

PER CURIAM.  The plaintiff in error was convicted in the county court of Custer county upon an information which charged the unlawful possession of twenty-eight pints of whisky and seventeen bottles of beer.  On the 19th day of July, 1912, in accordance with the verdict of the jury she was sentenced to be confined in the county jail for six months and to pay a fine of five hundred dollars.  After a careful examination of the various questions raised, we are satisfied that under well settled rules, sustained and upheld by the decisions of this court, no error prejudicial to the substantial rights of the defendant was committed on the trial, nor have we any reason to doubt that the verdict was reached only upon a fair and full consideration of the case by the jury.  The judgment of conviction is therefore affirmed.